UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

VICTOR CLAVELL,

**SECOND AMENDED COMPLAINT**

                                        Plaintiff,

Docket No.

            -against-

            1:15-cv-08354

ANTHONY DISIMONE; PATRICIO OVANDO;
JOSH KAVENEY; ODALIS PEREZ; JESSICA
ALVARADO; ROBERT SIMMS; ANDY URENA;
ALEX OLAN; THOMAS MCHALE; VICTOR
NAVARRO; UC #C0244 and UC # C0306;

ECF CASE

                                        Defendants.

-----------------------------------------------------------------------X

        Plaintiff VICTOR CLAVELL, by his attorney John Paul DeVerna, Esq. of DeVerna Law,

for his complaint against the above Defendants alleges as follows:

### PRELIMINARY STATEMENT

        1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments to the United States Constitution.

        2. The claim arises from a February 25, 2015 incident in which Defendants, acting under

color of state law, unlawfully stopped and arrested Mr. Clavell without probable cause. Mr. Clavell

initially spent approximately 24 hours unlawfully in police custody.  After going to Court a number

of times, Mr. Clavell's case was resolved in his favor with the matter being dismissed and later

sealed on or about July 31, 2015.

        3. Plaintiff seeks monetary damages (special, compensatory and punitive) against

Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the

Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff VICTOR CLAVELL ("Plaintiff" or "Mr. Clavell") resided at all times in Bronx County, in the City and State of New York.

8. Defendant Anthony Disimone, Shield No. 340 ("Disimone") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Disimone was, at the time relevant herein, a Detective under Shield # 340 in the Narcotics Borough Bronx.  Defendant Disimone is sued in his individual capacity.

9. Defendant Patricio Ovando, Shield No. 2047 ("Ovando") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Ovando was, at the time relevant herein, a Sergeant under Shield # 2047 in the Narcotics Borough Bronx.  Defendant Ovando is sued in his individual capacity.

10. Defendant Josh Kaveney, Shield No. 370 ("Kaveney") was, at all times here relevant, a

detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Kaveney was, at the time relevant herein, a Detective under Shield # 370 in the Narcotics Borough Bronx.  Defendant Kaveney is sued in his individual capacity.

11. Defendant Odalis Perez, Shield No. 7037 ("Perez") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Perez was, at the time relevant herein, a Detective under Shield # 7037 in the Narcotics Borough Bronx.  Defendant Perez is sued in his individual capacity.

12. Defendant Jessica Alvarado, Shield No. 2027 ("Alvarado") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Alvarado was, at the time relevant herein, a Detective under Shield # 2027 in the Narcotics Borough Bronx.  Defendant Alvarado is sued in her individual capacity.

13. Defendant Robert Simms, Shield No. 3535 ("Simms") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Simms was, at the time relevant herein, a Detective under Shield # 3535 in the Force Investigation.   Defendant Simms is sued in his individual capacity.

14. Defendant Andy Urena, Shield No. 7427 ("Urena") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Urena was, at the time relevant herein, a Detective under Shield # 7427 in the Narcotics Borough Bronx.  Defendant Urena is sued in his individual

capacity.

15. Defendant Alex Olan, Shield No. 430 ("Olan") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Olan was, at the time relevant herein, a Detective under Shield # 430 in the Narcotics Borough Bronx.  Defendant Olan is sued in his individual capacity.

16. Defendant Thomas McHale, Shield No. 4938 ("McHale") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant McHale was, at the time relevant herein, a Detective under Shield # 4938 in the Narcotics Borough Bronx.  Defendant McHale is sued in his individual capacity.

17. Defendant Victor Navarro, Shield No. 6619 ("Navarro") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Navarro was, at the time relevant herein, a Detective under Shield # 6619 in the Narcotics Borough Bronx.  Defendant Navarro is sued in his individual capacity.

18. At all relevant times herein, defendants UC #C0244 and UC # C0306 were employed by the NYPD and were acting in the capacity of agents, servants, and employees of the City. Defendants UC #C0244 and UC # C0306 are sued in their individual capacities.

19. Plaintiff is unable to determine the actual names or ranks of defendants UC #C0244 and UC # C0306

20. At all relevant times herein, defendants UC #C0244 and UC # C0306s' command was the Narcotics Borough Bronx.

4

21. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## **FACTUAL CHARGES**

22. On February 25, 2015, at approximately 3:40 p.m., Mr. Clavell was in the vicinity of 1420 Grand Concourse, Bronx, NY.

23. Mr. Clavell was, as had been instructed by his child's school, waiting for his elementary school aged child to be dropped off by the school bus.

24. Mr. Clavell was not committing any crime or violating any law or local ordinance.

25. Defendants Disimone, Ovando, Kaveney, Perez, Alvarado, Simms, Urena, Olan, McHale, Navarro, UC #C0244 and UC # C0306 were part of a team of police officers conducting a "buy and bust operation."

26. The Defendants, including Defendant Disimone, unlawfully stopped Mr. Clavell and instructed him to enter inside of 1420 Grand Concourse, Bronx NY.

27. The Defendants did not observe Mr. Clavell commit any crime or violating any law or local ordinance.

28. Mr. Clavell questioned why they were stopping him.

29. Defendants cursed at Mr. Clavell and instructed Mr. Clavell to stop talking and put his hands behind his back.

30. Mr. Clavell complied with Defendants orders and put his hands behind his back.

31. Defendants and Defendant Disimone, acting in concert, violently threw Mr. Clavell against the wall, grabbed his arms, twisted his arms, and unlawfully handcuffed Mr. Clavell in an excessively tight manner, causing pain and marks to his wrists.

32. Defendant and Defendant Disimone ignored Mr. Clavell's repeated requests to loosen the cuffs.

33. Defendants, including Disimone, placed Mr. Clavell under arrest.

34. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Clavell.

35. Mr. Clavell did not resist arrest.

36. Defendant, a supervisor, was present on the scene and did not stop the unlawful arrest of Mr. Clavell.

37. Defendants, including Defendant Disimone, searched Plaintiff's person without his authority or permission.

38. No contraband or anything of illegality was found on Mr. Clavell.

39. Defendants and Defendant Disimone then placed Mr. Clavell into an NYPD vehicle and drove to the 46th Precinct.

40. Defendants failed to secure Plaintiff using a passenger safety device (seatbelt) while transporting Plaintiff to the 46th Precinct.

41. Defendants intentionally drove to the 46th Precinct in an unnecessarily aggressive manner.

42. Because Plaintiff was handcuffed and unable to brace himself, Defendants intentional aggressive driving caused Plaintiff to suffer injuries to his head, neck, body, and limbs.

43. While Plaintiff was in central booking, Defendants, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Criminal Possession of a Controlled Substance in the Third Degree, Criminal Sale of Marihuana in the Fourth Degree, and other related charges.

44. At arraignments, the Judge released Mr. Clavell on his own recognizance, and the matter was adjourned.

45. Mr. Clavell was unlawfully held in police custody for approximately 24 hours before being arraigned.

46. After multiple court appearances, on July 1, 2015, Mr. Clavell's case resolved in his favor and the matter was dismissed and later sealed on July 31, 2015.

47. Defendants, including Defendant Disimone, prepared false sworn affidavits and false police reports relating to Mr. Clavell's arrest.

48. Defendants, including Defendant Disimone, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Clavell's arrest.

49. Those reports were forwarded to one or more prosecutors at the Bronx County District Attorney's office.

50. Upon information and belief, Defendants spoke to one or more prosecutors at the Bronx County District Attorney's office and falsely informed them that Mr. Clavell possessed a controlled substance.

51. During all of the events described, Defendants, including Defendants Disimone, Ovando, Keaveney, Perez, Alvarado, Simms, Urena, Olan, McHale, Navarro, UC #C0244 and UC # C0306, acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Clavell and violate his civil rights.

52. At all times relevant hereto, Defendants, including Defendants Disimone, Ovando, Keaveney, Perez, Alvarado, Simms, Urena, Olan, McHale, Navarro, UC #C0244 and UC # C0306, were involved in the decision to arrest Mr. Clavell without probable cause or failed to intervene in the actions of their fellow officers when they observed Mr. Clavell being arrested

without probable cause.

53. At all times relevant hereto, Defendants, including Defendants Disimone, Ovando, Keaveney, Perez, Alvarado, Simms, Urena, Olan, McHale, Navarro, UC #C0244 and UC # C0306 were involved in the decision to violate Mr. Clavell's civil rights, including falsely arresting Plaintiff, and failed to intervene in the actions of their fellow officers.

54. As a direct and proximate result of the acts of Defendants, Mr. Clavell suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## ECOND CAUSE OF ACTION
False Arrest and False Imprisonment
Under 42 U.S.C. § 1983 Against Individual Defendants

58. The above paragraphs are here incorporated by reference as though fully set forth.

59. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

60. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

61. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

62. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
Denial of Right to Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

64. The above paragraphs are here incorporated by reference as though fully set forth.

65. The above paragraphs are here incorporated by reference as though fully set forth.

66. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Clavell possessed a controlled substance, sold marihuana, and possessed marihuana.

67. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

68. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Failure to Intervene
Under 42 U.S.C. § 1983 Against Individual Defendants

70. The above paragraphs are here incorporated by reference as though fully set forth.

71. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Deprivation of Federal Civil Rights Against Defendants
Under 42 U.S.C. §§ 1981, 1983, and 1985

74. The above paragraphs are here incorporated by reference as though fully set forth.

75. In an effort to find fault to use against the Plaintiff, defendant officers conspired among themselves, and conspired with others to deprive Plaintiff of his Constitutional rights under 42 U.S.C. §§ 1981, 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

76. Thus defendant officers engaged in a conspiracy designed to deprive Plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

77. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, and was otherwise damaged and injured.

10

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)   In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)   Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)   Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: May 22, 2016
       New York, New York


                                        **JOHN PAUL DEVERNA**
                                        Counsel for the Plaintiff


                                        _____
                                        By: John Paul DeVerna (JD5237)
                                        DeVerna Law
                                        305 Broadway, 14th Floor
                                        New York, NY 10007
                                        (212) 321-0025 (office)
                                        (212) 321-0024 (fax)